FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2024 JAN -5 PM 12: 0
JEFFREY P. COLWELL
CLERK
BY_______DEP. CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ________________________
(To be supplied by the court)

Michelle McMillan, Plaintiff,

v.

Weld RE8 School District,
Twombly Elementary School

________________________,

________________________,

________________________,

________________________,

________________________,

________________________,

________________________, Defendant(s).

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

## PARTIES

1. Plaintiff Michelle McMillan is a citizen of USA who presently resides at the following address:
2820 W. 116th Pl #207 Westminster, CO 80234

2. Defendant Weld RE8 School District is a citizen of USA who live(s) at or is/are located at the following address:
200 S. Fulton Ave Fort Lupton, CO 80621

3. Defendant ______________ is a citizen of ______________ who live(s) at or is/are located at the following address:
______________

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:
?

5. Briefly state the background of your case:

See attached document

**FIRST CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

See attached document

**SECOND CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**(Please number your paragraphs and attach any necessary additional pages.)**

See attached document

**THIRD CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**(Please number your paragraphs and attach any necessary additional pages.)**

See attached document

**REQUEST FOR RELIEF**

Plaintiff requests the following relief:

See attached document

Date: 1/5/2024

(Plaintiff's Original Signature)

2820 W. 116th Place #207
(Street Address)

Westminster, CO 80234
(City, State, ZIP)

303-902-6316
(Telephone Number)

# Weld County RE-8 Retaliation Complaint

## Nature of the Complaint

I have been retaliated against in my employment as a Substitute Teacher with the Weld County Re8 School District, at 200 South Fulton Avenue, Fort Lupton, CO 80621, as a result of my having reported details about the poor learning environment inside Twombly Elementary School. The entity that has retaliated against me is as follows: Alan Kaylor, Superintendent of Weld County Re8 School District.

## Statement of Facts

1. **9/2/2022** - offered and accepted employment as a substitute teacher
2. **9/7/2022** - went in person to sign the paperwork with Stephanie McClary(HR Manager)
3. **9/9/2022** - offered long term position at the Middle School(I declined based on scheduling and health issues)
4. **9/20/2022** - first email that mentioned "conflict of interest" which limited the schools where I was "allowed" to substitute
5. **9/22/2022**??-(End of September) - meeting with Superintendent Kaylor, Stepanie and Jim Rodel
    - 1st discussion of the problems at Twombly(not being contacted by Lucy's teacher)
    - 1st time I mentioned my concerns about things being misspelled in Lucy's classroom, and having non-certified teachers working in Weld County RE8, but it was brushed off
6. **9/22/2022** - I was reinstated as a substitute, but Twombly was not on my list of schools where I could work
7. **10/3/2022** - sent email to Stephanie, asking for a summary of our in person meeting(but I was denied)
8. **10/13/2022** - received email from Stephanie with information about Lucy's classroom for the first time
9. **10/20/2022** - I sent an email to Stephanie, asking about payroll, but didn't get a reply until I emailed it again on **10/26/2022**, but I still never got a response about how pay works from Payroll nor from Stephanie
10. **9/2022 to 10/31/2022** - substituted around Weld County RE8 Schools(Fort Lupton High School and Twombly Elementary) **I can't show proof of this because they canceled my Weld RE8 AESOP substitute login so I cannot see the dates and times that I worked at Fort Lupton High School and Twombly Elementary(but you can ask them to see these records)
11. **10/31/2022** - last day I worked at Twombly Elementary and the day I took pictures of the misspellings in Lucy's classroom(Hugo Baeza, 4th Grade) See below…


I can classify triangles
by understanding their properties.
I can understand how geography is used
by learning all the tools that are used.
I can assess a text
by justifing a problem and solution.
I can create a informative/Expanatory
by writing an introduction topic paragraph.
Turtles


Recess
Sprit week
Tue- Neon day
Wed- Tropical day
Thur- mismatch day
Fri- Blucout day


digit- any of 0-9 in single form
number- any combonation of digits.
place- location of the digit
value- how many digits are in the locatio

12. **11/8/2022** - I sent an email to Cody LeBlanc, the School Board Director, outlining my concerns and showing the pictures of the misspellings in Lucy's classroom
13. **11/9/2022** - I received a termination letter from Superintendent Kaylor after trying to contact the school board.

Weld 8 school district

11/9/2022

Michelle McMillan,

In response to your email sent to the Weld Re-8 Board of Education on November 8, 2022 around the learning environment of your child at Twombly Elementary, we appreciate you sharing your experience, and we take your concerns seriously. Weld Re-8 and Twombly Elementary are also concerned on how you obtained the pictures and information that you shared as you were told that no parents were allowed to attend the Halloween celebrations at Twombly. You chose to ignore this request, and obtained access to your daughter's classroom, while acting as a substitute for Weld Re-8, which you were explicitly asked to not do, as you were an employee and not a parent during this time.

Upon receipt of your email I offered to meet with you to discuss further, however you declined this offer and in your response to my email later that afternoon you informed myself and our team that you have retained an attorney, and that you will not be talking to anyone without representation anymore.

Based on your response to retain an attorney, it is in the best interest of Weld Re-8 school district that any future communications between you and anyone at Weld Re-8 will be forwarded to our attorney for response. Subsequent to this decision, Weld Re-8 will also be removing your name from our substitute list for any of our buildings until this matter is resolved.

We appreciate your concern and cooperation.

Sincerely,

Alan A. Kaylor

14. **11/10/2022** - received a response from Cody stating that he was interested in talking to me, and he gave me his number to call him.
15. **11/11/2022** - I called and tried to leave a message for Cody, but it said his mailbox is full so I texted him. He called back at 4:20pm but I missed his call, so I texted him to say that I would try calling him on Monday.
16. **11/14/2022** - I called and tried to leave another message for Cody, but his mailbox was still full.
17. **11/15/2022** - I sent an email to Cody to ask if he was still willing to talk to me, but was ignored
18. **11/17/2022** - I sent another email to Cody and Alan(Superintendent Kaylor) asking why I was being ignored and clarifying what I said about having a lawyer and that my lawyer was for family court.
19. **11/17/2022** - Superintendent Kaylor replied and said that they are willing to meet to discuss some possible solutions.
20. **11/28/2022** - I replied to say that I would like to discuss some possible solutions and asked some detailed questions

21. **11/28/2022** - Alan replied and said that they are keenly aware of the issues in Lucy's classroom, but would not discuss reinstating my employment so I said I was filing a complaint with the EEOC and CCRD.

**Request for Relief**

1. I am requesting that I receive all money I would have received, plus interest, from the date of denial until the present.
2. I am requesting that I again be permitted to work at my discretion and as my schedule allows.

**DISCIPLINARY ACTION REQUESTED**

1. I am requesting that disciplinary action be taken against Alan Kaylor.
2. I am requesting that disciplinary action be taken against Hugo Baeza.
3. I am requesting that disciplinary action be taken against Stephanie McCleary.

Sworn statement

I declare, under penalty of perjury under the laws of the state of Colorado that the foregoing is true and correct to the best of my knowledge and belief.

1/5/2024
Date

[signature]
Michelle McMillan

COLORADO
Department of Regulatory Agencies
Colorado Civil Rights Division

Charge No. E2300018306

Michelle McMillan
2820 W. 116th Place, #207
Westminster, CO 80234 Complainant

Weld RE-8 School District -
Twombly Elementary School
200 S. Fulton Avenue
Fort Lupton, CO 80621 Respondent

## DETERMINATION

### Jurisdiction

Under the authority vested in me by C.R.S. 24-34-306(2), I conclude from our investigation that there is insufficient evidence to support the Complainant's claims of discrimination. As such, a **No Probable Cause** determination is hereby issued.

The Respondent is an employer within the meaning of C.R.S. 24-34-401(3), as re-enacted, and the timeliness and all other jurisdictional requirements pursuant to Title 24, Article 34, Parts 3 and 4 have been met.

The Respondent is a school district located in Greeley and Evans, Colorado, and employs more than 15 employees.

### Allegations and Defenses

The Complainant alleges that In or about September 2022, and thereafter, she was harassed by Alan Kaylor ("Kaylor")(Disability status unknown), Superintendent, subjected to unequal terms and conditions of employment, and refused a reasonable accommodation based on her disabilities (brain cancer/brain injury) and/or in retaliation for engaging in protected activity. The Complainant claims that on or about November 9, 2022, she was discharged from the position of Certified Substitute Teacher based on her protected class and/or in retaliation for engaging in protected activity.

The Respondent denies the Complainant's allegations of harassment, discrimination, and retaliation and avers that the Complainant was discharged for legitimate, non-discriminatory reason; namely, violation of the Respondent's policies.

## Relevant Policies and Comparative Data

The Respondent policies state that it does not discriminate on the basis of disability, and other protected classes in admissions, access to, treatment, or employment in educational programs or activities which it operates. Complaint procedures have been established for students, parents, employees and members of the public and the Superintendent has been identified as the compliance officer for the Respondent who receives complaints.

During the relevant period, there were 27 substitute teachers. Out of the 27 substitute teachers, 3 (11%) were discharged. The Respondent maintains that the disability status of its employees is unknown and/or not solicited; therefore, there is no meaningful comparative data available. The Respondent avers that no person was hired to replace the Complainant. The Respondent claims that during the relevant period, it did not receive any complaints of discrimination from its employees.

## Legal Framework

1. The Complainant has the burden of proving each element of a prima facie case by a preponderance of the evidence.
2. If the Complainant establishes a prima facie case, there is a presumption of unlawful discrimination. The burden shifts to the respondent to articulate a legitimate, non-discriminatory reason for its action.
3. If the Respondent provides a legitimate, non-discriminatory reason for its action, the burden shifts back to the Complainant to show by a preponderance of the evidence that the legitimate reason asserted by the Respondent is pretext (i.e., unworthy of belief). Pretext may be proven by showing:
    a. evidence that the Respondent's stated reason for the adverse action was false;
    b. evidence that the Respondent acted contrary to policy; or
    c. evidence of different treatment of similarly situated persons.

In general, a burden-shifting framework of proof applies in discrimination cases, which requires both the Complainant and the Respondent to prove specific elements of each claim. If the Complainant meets the burden of proving the initial elements of a claim ("prima facie case"), then the burden shifts to the Respondent to justify the action challenged by the Complainant. If the Respondent is able to provide a legitimate, non-discriminatory reason for the action taken, the burden shifts back to the Complainant to prove that the reason asserted by the Respondent is merely a pretext or cover-up for discrimination. Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo. 1997); Ahmad Bodaghi and State Board of Personnel, State of Colorado v. Department of Natural Resources, 995 P.2d 288 (Colo. 2000).

## Analysis

Disability discrimination: § 24-34-402(1)(a):

1. The Complainant is a person with a disability, meaning they: have a physical or mental impairment that substantially limits one or more major life activities, have a record of a disability, or are regarded as having a disability.
2. The Respondent knew or should have known that the Complainant is a person with a disability.

The Complainant asserts that she is a person with qualifying disabilities (brain cancer/brain injury) which affect her ability to walk, communicate, and work. The Complainant claims that on or about September 7, 2022, the Respondent became aware of her disabilities when she informed Stephanie McClary ("McClary") (Disability status unknown), Human Resources ("HR") Representative, of her disabilities.

The Respondent argues that on or about September 7, 2022, when McClary met with the Complainant to complete the onboarding process for the Substitute Teacher position, she offered the Complainant a Long-term Substitute position, which the Complainant declined, stating that she did not want to commit to a long-term role at the time due to scheduling issues and the logistics of driving from her home in Westminster, Colorado. The Respondent claims that the Complainant did not mention her disabilities during this meeting, nor did she check the box on her application indicating that she needed accommodations. The Respondent avers that on or about September 8, 2022, McClary emailed the Complainant to ask if she was available to substitute the entirety of the following week and the Complainant replied that she was not comfortable taking a full-time position "based on her disability" but did not state what her disability was or make a request for an accommodation. However, the evidence is sufficient to show that the Respondent knew or should have known that the Complainant is a person with disabilities.

The Complainant's individual claims of adverse employment action are analyzed below.

Failure to Accommodate a Disability: § 24-34-402(1)(a)

1. The Complainant is a person with a disability or a record of a disability;
2. The Complainant is otherwise qualified for the position;
3. The Complainant requested a plausibly reasonable accommodation; and
4. The Respondent refused to provide the accommodation.

The Complainant is a person with qualifying disabilities (brain cancer/brain injury). The Complainant maintains that she was qualified for the position of Substitute Teacher and contends that she performed her job satisfactorily. However, the Respondent asserts that the Complainant did not perform her job duties satisfactorily

and claims that she violated its policies when she entered her daughter's classroom and took photographs without permission.

The Complainant claims that on or about on September 28, 2022, during a meeting with Kaylor, McClary, and Jim Roedel ("Roedel")(Disability status unknown), Chief Operating Officer, she informed the Respondent about her disabilities and requested a copy of the written notes from the meeting because her disabilities made her forget things. During her interview with the Division, the Complainant stated that the notes from the meeting would have helped her retain important information about the Respondent's policies and expectations from her as a Substitute Teacher. The Complainant alleges that the Respondent refused to grant her requested accommodations when they failed to provide her with the notes of the meeting.

The Respondent denies the Complainant's allegations and claims that at the end of the meeting, the Complainant presented a scan of half of a brain and stated that she was missing half of her brain. The Respondent argues that the Complainant did not provide a physician's note or other medical documentation of a physical or mental impairment and did not provide additional details about her alleged disabilities.

The Respondent claims that on or about October 3, 2022, the Complainant emailed McClary requesting an "email or something that summarizes our meeting" that she could provide as "proof in the next custody hearing." The Respondent contends that the Complainant had not requested written notes of the meeting prior to her email and did not indicate that her request was related to her alleged disabilities. The evidence shows that in another email dated on or about October 10, 2023, from the Complainant to McClary, she again requested the notes from the meeting but did not mention her disabilities as the basis of her request.

The evidence shows that the Complainant's emails to McClary requesting a written summary of the September 28, 2022 meeting, was not to accommodate her disability, but rather to have a document to provide in a domestic court proceeding. The Respondent maintains that McClary declined to provide a written summary of the meeting for use in a court hearing, as it was outside the scope of her role as the Respondent's HR Manager. The Respondent denies that it discriminated against the Complainant based on her disabilities. The evidence does not support the Complainant's claims that she was denied an accommodation.

<u>Discrimination in Terms and Conditions of Employment: § 24-34-402(1)(a) - Disability:</u>

1. The Complainant belongs to a protected class;
2. The Complainant was qualified for, or satisfactorily performing, the job;
3. The Complainant was subjected to adverse terms or conditions of employment; and
4. The circumstances give rise to an inference of unlawful discrimination.

The Complainant asserts that she is a person with qualifying disabilities (brain cancer/brain injury). The Complainant claims that she was qualified for the position of Substitute Teacher and contends that she performed her job satisfactorily. However, the Respondent asserts that the Complainant did not perform her job duties satisfactorily and claims that she violated its policies when she entered her daughter's classroom and took photographs without permission. The Complainant alleges that she was subjected to adverse terms or conditions of employment when the Respondent delayed her start date for her position of Substitute Teacher, purportedly because there was a "conflict of interest," but refused to provide any more information. The Complainant claims that the Respondent actions were based on a report from an alleged parent. The Complainant further claims that the Respondent's adverse treatment towards her were also based on John McMillan ("McMillan"), the Complainant's ex-husband, who is a staff member at Fort Lupton Middle School ("Fort Lupton"). The Complainant claims that the adverse treatments she received were based on her protected class.

The Respondent denies the Complainant's allegations. The evidence shows that on or about September 12,2022, the Respondent received a complaint from a parent from Twombly Elementary School ("Twombly"), who claimed that she witnessed the Complainant manhandle the Complainant's child on the school premises. The Respondent claims that although it does not require Substitutes to disclose relationships with students or teachers, the Complainant's nondisclosure was concerning because she was involved in a contentious custody dispute over her daughter, which came to the Respondent's attention after the September 12, 2022 incident. The Respondent avers that based on this incident, on or about September 13, 2022, the Respondent decided not to add the Complainant to the substitute list while it investigated her conduct and the custody situation. The Respondent maintains that on or about October 7, 2022, the Respondent determined that the Complainant could perform her job as a Substitute Teacher in its schools. The Respondent maintains that the Complainant was never treated unfairly or in any discriminatory manner.

The Complainant failed to substantiate her allegations that similarly situated employees outside her protected class were treated more favorably. There is insufficient evidence to show that any adverse terms and conditions of employment the Complainant experienced were due to her protected class. Thus, the circumstances do not give rise to an inference of unlawful discrimination.

<u>Harassment §24-34-402(1)(a)-Disability:</u>

Harassment is not an illegal act unless a complaint is filed with the employer's appropriate authority and such authority fails to initiate a reasonable investigation of a complaint and take remedial action, if appropriate.

1. The Complainant belongs to a protected class;

2. The Complainant was subjected to adverse treatment based on the protected class;

a. the treatment was unwanted or unwelcome;
b. the treatment was subjectively and objectively unreasonable; and
c. the treatment was severe or pervasive.

3. The treatment had the purpose or effect of creating a hostile, intimidating, or offensive work environment.

4. The Respondent is liable unless it establishes an affirmative defense that

a. The Respondent exercised reasonable care to prevent and promptly correct the harassment; and
b. The Complainant failed to take advantage of any preventative or corrective opportunities provided by the Respondent.

The Complainant asserts that she is a person with qualifying disabilities (brain cancer/brain injury).The Complainant claims that on or about September 28, 2022, she was harassed and subjected to adverse treatment based on her protected class by Kaylor and the Respondent staff when they dismissed her and refused to listen to her complaints about Hugo Baeza-Contreras ("Baeza-Contreras")(disability status unknown), her daughter's classroom teacher. The Complainant's claims that she observed that Baeza-Contreras had several spelling errors in the classroom materials, which the Respondent refused to address or correct. The Complainant further claims that on or about November 8, 2022, she reported the same complaint about Baeza-Contreras's spelling errors to the Respondent's Board of Education ("Board") and thereafter, Kaylor harassed her about her email to the Board.

The Respondent denies the Complainant's allegations of harassment. The Respondent avers that on or about October 31, 2022, while working as a Substitute Teacher at Twombly, the Complainant went into her daughter's classroom in the middle of a Halloween party to which parents were not invited. The Respondent claims that the Complainant took multiple photographs of the classroom without permission. The Respondent also states that on or about November 8, 2022, the Complainant emailed the photographs to the Board to complain about misspellings on the white boards in her daughter's classroom, describing the classroom as a "terrible learning environment." The evidence shows that on or about November 8, 2022, Kaylor requested to meet with the Complainant and in her response, the Complainant called Twombly a terrible learning environment and stated that she had retained an attorney and "won't be talking to anyone without representation anymore." In his interview with the Division, Kaylor denied the Complainant's allegation of harassment and maintained that his attempts to discuss the Complainant's complaints were rebuffed and she refused to meet with him.

Although the Complainant alleges that she suffered harassment in the workplace, the evidence does not support the Complainant's allegations of harassment and/or a hostile work environment. The Complainant failed to show that she was subjected to

adverse treatment based on her protected class. Thus, the evidence is insufficient to support a claim of discriminatory harassment.

Discharge: § 24-34-402(1)(a) -Disability:

1. The Complainant belongs to a protected class;
2. The Complainant was satisfactorily performing the job at issue;
3. The Complainant was discharged; and
4. The circumstances give rise to an inference of unlawful discrimination.

The Complainant asserts that she is a person with qualifying disabilities (brain cancer/brain injury). The Complainant claims that she was qualified for the position of Substitute Teacher and contends that she performed her job satisfactorily. However, the Respondent asserts that the Complainant did not perform her job duties satisfactorily and claims that on several occasions, she violated its policies when she entered her daughter's classroom and took photographs without permission.

The Complainant claims that in or around October 2022, she substituted at Twombly, and noticed that Baeza-Contreras misspelled several words on the whiteboard, and although she complained to the Respondent, the Respondent ignored her complaints. The Complainant further claims that on or about October 28, 2022, while substituting at Twombly, she saw that Baeza-Contreras again misspelled words on his white board, and used her phone to take pictures of the board and provided them to the Respondent. The Complainant claims that on or about November 9, 2022, she was discharged, purportedly because she violated the Respondent's policy when she took pictures of the whiteboard with her phone. In her interview with the Division, the Complainant argued that she was invited into her daughter's classroom by Baeza-Contreras and also contended that due to her disabilities and the Respondent's failure to provide her with notes in regard to its policies, she was not aware of the policy restricting her from taking pictures in her daughter's classroom and was therefore not in violation of the Respondent's policies. The Complainant claims that her discharge was pretextual and gives rise to an inference of unlawful discrimination.

The Respondent denies the Complainant's allegations. The Respondent claims that on or about November 9, 2022, based on the Complainant's actions - entering her daughter's classroom without permission while in her role as the Respondent's employee, taking photographs of the classroom without permission, and appearing to threaten the Respondent with legal action — the Respondent decided to remove her from the substitute list.

The Complainant provided no evidence to support her allegations that the Respondent's decision to discharge her was based on her protected class. Rather, the Respondent articulated a legitimate, non-discriminatory reason for discharging the Complainant; namely, her violation of the Respondent's policies. In sum, the circumstances do not give rise to an inference of unlawful discrimination.

Retaliation: § 24-34-402(e)(IV)

1. The Complainant (or an individual within the Complainant's zone of interest) engaged in protected opposition to unlawful discrimination or participated in an investigation of unlawful discrimination.
2. The Complainant was subjected to adverse treatment that would dissuade a reasonable person from engaging in protected activity; and
3. There is a causal connection between the protected activity and the adverse treatment.

The Complainant claims that on or about September 28, 2022, and on or about October 3, 2022, she engaged in protected activity when she complained to Kaylor about not being permitted to sub at Twombly and Fort Lupton; and also requested a written summary of the above mentioned September 28, 2022 meeting.

The Complainant alleges that she was retaliated against for engaging in protected activity, when she was harassed, subjected to unequal terms and conditions of employment, and when, on or about November 9, 2022, the Respondent discharged her. This adverse treatment, if proven, would dissuade a reasonable person from engaging in protected activity.

However, the evidence does not support that the Complainant was subjected to adverse treatment because of protected activity. The Respondent denies that the Complainant engaged in protected activity and maintains that her discharge was due to her violation of its policies when she entered her daughter's classroom and took photographs of the classroom without permission.

Although the Complainant received adverse treatment of discharge, she failed to show a causal connection between the protected activity and the adverse treatment. Therefore, the evidence is insufficient to support a claim of retaliation.

Based on the evidence contained above, I determine that the Respondent has not violated C.R.S. § 24-34-402, *et seq.*, as re-enacted.

Appeal and Dismissal Information

In accordance with C.R.S. 24-34-306(2)(b)(I)(A) and Rule 10.6(A)(1) of the Commission's Rules of Practice and Procedure, the Complainant may appeal the dismissal of this claim to the Commission within ten (10) days, as set forth in the enclosed form.

If the Complainant wishes to file a civil action in a district court in this state, which action is based on the alleged discriminatory or unfair practice that was the subject of the charge filed with the Division, such must be done:

a. Within ninety (90) days of the mailing of this notice if no appeal is filed with the Colorado Civil Rights Commission or

b. Within ninety (90) days of the mailing of the final notice of the Commission dismissing the appeal.

If the Complainant does not file an action within the time limits specified above, such action will be barred and no State District Court shall have jurisdiction to hear such action. C.R.S. § 24-34-306(2)(b)(I)(C).

On Behalf of the Colorado Civil Rights Division

/s/ Courtney Longtin
Aubrey Elenis, Director
Or Authorized Designee

October 9, 2023
Date